[Hillsborough, December, 1889.]

## HOLMES & a. *v.* GREGG & a.

ASSUMPSIT, for lumber sold and delivered. Pleas, the general issue and a tender. Trial by the court, and a general finding that the sum tendered was sufficient. The plaintiffs are lumber dealers in Chicago, and the defendants are manufacturers of doors, sash, blinds, etc., in Nashua. One of the plaintiffs, being in Nashua soliciting orders, received from the defendants an order for five lots of lumber of different dimensions and prices, all amounting to about $1,000. The lumber sent by the plaintiffs came to the defendants' yard in box-cars, in which it could not be examined. When unloaded and examined, three of the five lots were accepted

and used by the defendants, and the others, not conforming to the order in dimensions, quality, quantity, and price, were rejected, and piled in their yard, where they remained subject to the plaintiffs' order. The defendants seasonably informed the plaintiffs of their action, and tendered the price of the accepted lots.

*C. W. Hoitt* and *Sulloway & Topliff*, for the plaintiffs.

*G. B. French*, for the defendants, cited *Young & Conant Mfg. Co.* v. *Wakefield*, 121 Mass. 91; *Miner* v. *Bradley*, 22 Pick. 457; *Johnson* v. *Johnson*, 3 B. & P. 162; *Manning* v. *Humphreys*, 3 E. D. Smith 218; *Cohen* v. *Pemberton*, 53 Conn. 221; *Lampson* v. *Cummings*, 52 Mich. 491.

DOE, C. J. The defendants rightfully inspected and measured the lumber before determining to accept or reject it. Benj. Sales, ss. 918, 1042, 1049–1051, 1342, 1343, 1348–1350. Without an express stipulation that the contract was or was not entire, the parties might have understood that it was severable in such a sense that the defendants could accept the lots that conformed to the contract, and reject the rest. In the general finding for the defendants there is no error of law.

*Judgment for the defendants.*

ALLEN, J., did not sit: the others concurred.